IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DEBORAH M. POWELL**, | Case No. 6:14-cv-01900-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN**, Acting Commissioner of Social Security, | |
| Defendant. | |

Kathryn Tassinari and Robert A. Baron, HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette, Suite 200, Eugene, OR 97401. Of Attorneys for Plaintiff.

Billy J. Williams, Acting United States Attorney, and Janice E. Herbert, Assistant United States Attorney, U.S. Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; L. Jamala Edwards, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 Mailstop 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Deborah M. Powell ("Powell" or "Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act. For

the following reasons, the Court REVERSES the Commissioner's decision and REMANDS for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and the Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Powell protectively filed an application for DIB on October 17, 2010, alleging disability beginning April 30, 2009. AR 18, 82. She was 33 years old at the alleged disability onset date. AR 82. She alleges disability due to the following medical conditions: depression, diabetes, fibromyalgia, arthritis and posttraumatic stress disorder ("PTSD"). AR 82, 96. The Commissioner denied her application initially on January 14, 2011 and upon reconsideration on June 17, 2011. AR 16, 110, 119. Powell requested a hearing before an Administrative Law Judge ("ALJ"). AR 18, 122. Powell appeared for a hearing April 10, 2013, and was represented by counsel. AR 18. At the hearing, the ALJ heard testimony from Powell and vocational expert ("VE") Caroline Kay Wise. AR 43-81. After considering all the evidence in the record, the ALJ concluded that Powell is not disabled under the Social Security Act. AR 18-29.

Powell petitioned the Appeals Council for review of the ALJ's decision. AR 8. Powell submitted post-decision evidence to the Appeals Council. AR 2. The evidence consisted of a psychological evaluation report dated September 19, 2013, from Dr. David R. Truhn, Psy.D. AR 2. On October 1, 2014, the Appeals council denied the request for review, rendering the ALJ's decision the final decision of the Commissioner. AR 1-3. The Appeals Council further found that Dr. Truhn's medical evidence related to the period after the ALJ's decision on May 30, 2013, and thus that those records did not affect the ALJ's decision. AR 2. The Appeals Council declined to consider this new evidence. AR 2. Powell now seeks review of the ALJ's decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or

PAGE 3 – OPINION AND ORDER

can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e),

>
> 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; see also *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

**C. The ALJ's Decision**

The ALJ began her opinion by noting that Powell met the insured status requirements of the Social Security Act through June 30, 2011. AR 18, 21. The ALJ then applied the sequential process. AR 21-29. At step one, the ALJ determined that Powell had not engaged in substantial

PAGE 5 – OPINION AND ORDER

gainful activity after April 30, 2009, the alleged onset date. AR 21-22. At step two, the ALJ determined that Powell has the following severe impairments: insulin dependent diabetes mellitus II, fibromyalgia, morbid obesity, PTSD, and depression. *Id.* The ALJ discussed the records from treating nurse practitioner Michele O'Conner, FNP and Dr. Thea Petersen, M.D., concerning Powell's complaints of tingling, hand pain and grip problems, and ultimately concluded that there was insufficient evidence to support a diagnosis of neuropathy before the last insured date. AR 22-23. The ALJ also mentioned in passing several other health complaints claimed by Powell and concluded that in the absence of any definitive diagnoses that those complaints were most probably attributable to Powell's fibromyalgia. AR 23.

At step three, the ALJ found that Powell did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 23-24. The ALJ next found that Powell had

> the [RFC] to perform light work in that she can lift 20 pounds occasionally and 10 pounds frequently; sit, stand and walk each 6 hours out of an 8 hour day for a combined total of 8 hours of activity, but requires the option to sit or stand at will while still performing essential tasks. She can occasionally climb ladders, ropes and scaffolds, frequently climb ramps and stairs, occasionally crouch, stoop, crawl and kneel, and frequently balance. Ms. Powell is to avoid concentrated exposure to hazard. She is to have no public contact and can have casual contact with coworkers but no teamwork assignments. Ms. Powell can understand and carry out simple instructions.

AR 24.

At step four, the ALJ found that Powell was unable to perform her past relevant work. AR 28. At step five, based on the testimony of a VE, the ALJ concluded that Powell could perform jobs that exist in significant numbers in the national economy including office helper, mail sorter, clerical checker, addressing clerk, and price checking clerk. AR 28-29. Accordingly, the ALJ found Powell was not disabled. AR 29.

## DISCUSSION

Powell argues that the Appeals Council erred in failing to consider the new evidence from Dr. Truhn submitted by Powell in support of her request for review. She further argues that the ALJ failed to address the opinion of her treating therapist, Valeria Mainwald, MSW, LCSW. Finally, she argues that the ALJ erred in assessing Powell's physical and mental impairments and in failing to pose a hypothetical to the VE that accurately reflected her limitations.

### A. Supplemental Evidence Submitted to the Appeals Council

Powell first argues that Appeals Council erred by failing to consider evidence from Dr. Truhn that Powell submitted in support of her request for review. Powell submitted a report by Dr. Truhn dated September 19, 2013, regarding his evaluation of Powell. Dkt. 14-1 at 1-12. Powell also submitted a Mental Residual Functional Capacity form ("MRCF") completed by Dr. Truhn. *Id.* at 13-16.

Dr. Truhn performed a comprehensive psychological evaluation that included a clinical interview, mental status examination, records review, and extensive psychometric testing. Dr. Truhn's evaluation included the Wechsler Adult Intelligence Scale–Fourth Edition, Comprehensive Trail Making Test, Wide Range Achievement Test–4, Minnesota Multiphasic Personality Inventory–2–RF, and Millon Clinical Multiaxial Inventory–III. *Id.* at 7-9. Based on this evaluation, Dr. Truhn diagnosed Powell with posttraumatic stress disorder (chronic), dysthymic disorder (early onset), major depressive disorder (recurrent, moderate), panic disorder without agoraphobia, "rule out" pain disorder associated with both psychological factors and a

general condition,[1] and dependent personality disorder (avoidant, borderline, self-defeating features). *Id.* at 10.

Powell submitted Dr. Truhn's MRFC assessment and report to the Appeals Council in support of her request for review. AR 2. The Appeals Council denied Powell's request for review, stating that they had "looked at the medical report dated September 19, 2013 from Dr. David R. Truhn," but refused to examine it because "the [ALJ] decided your case through June 30, 2011 [and] "[t]his new information is about a later time." *Id.* The Appeals Council therefore concluded that Dr. Truhn's evidence "does not affect the decision about whether you were disabled at the time you were last insured." *Id.*

Powell argues that the Appeals Council was required to examine Dr. Truhn's opinions in determining whether to grant review of the ALJ's decision. The Commissioner's regulations provide that "[i]f new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R § 404.970(b). The Ninth Circuit has interpreted this to include medical evaluations made after the date of the ALJ's decision where they concern the claimant's condition during the time period before the ALJ's decision. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011).

The evidence from Dr. Truhn relates to the period of time on or before the date of the ALJ hearing decision. Although Dr. Truhn's MRFC and report were dated after the ALJ's

---

[1] In the medical context, a "rule-out" or "rule/out" diagnosis "means there is 'evidence that [the patient] may meet the criteria for that diagnosis, but [the doctors] need more information to rule it out.' In other words, there is reason to suspect the presence of a 'rule-out' psychotic disorder, but the doctor would not be comfortable giving such a diagnosis at that time." *United States v. Grape*, 549 F.3d 591, 593 n.2 (3d Cir. 2008) (quoting witness testimony) (alteration in original).

decision, Dr. Truhn indicated that he was able to infer that Powell's mental limitations existed at the present level dating back to April 30, 2009. Dkt. 14-1 at 16. Dr. Truhn further concluded, that considering Powell's mental abilities, she would be unable to work, as of the date of last insured, "independently, appropriately, effectively and on a sustained basis, 7.5 hours per day, five days per week, in a regular, competitive work setting" 95-percent of the time. *Id.* Therefore, the Appeals Council erred in concluding Dr. Truhn's report related to a later time period and in refusing to examine Dr. Truhn's findings.

The Commissioner cites to *Brewes v. Astrue*, 682 F.3d 1157, 1159-60 (9th Cir. 2012), and *Taylor*, 659 F.3d at 1231, for the proposition that federal courts cannot review an Appeals Council's denial of a request to review an ALJ's decision, because the Appeals Council's decisions are not final agency actions. The Commissioner misunderstands Powell's argument. Powell, like the plaintiff in *Taylor*, is not "arguing that the Appeals Council's decision to deny [her] request for review should be reversed." 659 F.3d at 1231. Rather, Powell is arguing that Dr. Truhn's evidence was improperly rejected by the Appeals Council and Powell is asking the Court to review Dr. Truhn's "improperly rejected opinion in [the Court's] overall review of the ALJ's final decision, not in review of the Appeals Council's decision denying [the] request for review." *Id.* at 1232. If Powell is correct that the Appeals Council improperly rejected Dr. Truhn's evidence, then the Court may consider this improperly rejected opinion. *Id.*

This case falls squarely within the factual situation discussed in *Taylor*. In *Taylor*, the Appeals Council did not consider a mental health evaluation that was dated after the last date insured but related to an earlier time period. *Id.* at 1231-32. The Ninth Circuit noted that if the Appeals Council rejected the medical opinion as relating to the later time period, that rejection was improper. *Id.* at 1232. That is precisely what occurred in this case. In *Taylor*, the Ninth

Circuit ultimately concluded that the Appeals Council had not considered the new medical evidence at all, which the Ninth Circuit also held to be an improper rejection of the evidence. *Id.* The Ninth Circuit held that: "Where the Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence." *Id.* (citing 20 C.F.R. § 404.970(b)).

In denying Powell's request for review, the Appeals Council refused to evaluate the evidence from Dr. Truhn, stating that "[t]his new information is based on a later date. Therefore, it does not affect the decision about whether you were disabled at the time you were last insured for disability benefits." AR 2. As previously discussed, although dated September 19, 2013, Dr Truhn's opinion concerned the time before the date last insured and the ALJ hearing decision and thus the Appeals Council was required to consider it. *Taylor*, 659 F.3d at 1232; *see also Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996) (noting that "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition"). Because the Appeals Council improperly rejected the evidence of Dr. Truhn, the Court remands the matter to the ALJ for consideration of this evidence. *Taylor,* 659 F.3d at 1233.

The Commissioner further argues that under sentence six of 42 U.S.C. § 405(g), the Court may only remand for further proceedings if Powell has shown good cause for failing to produce the evidence from Dr. Truhn earlier. In support of this argument the Commissioner cites to *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001), and *Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990). Again, the Commissioner misunderstands Powell's argument. Powell argues that her evidence from Dr. Truhn is not subject to the good cause requirement of 42 U.S.C. § 405(g) because the evidence was properly before the Appeals Council pursuant to 20 C.F.R. § 404.970(b). In *Taylor*, the court found that a remand to the ALJ was appropriate

under 20 C.F.R. § 404.970(b) and did not discuss the good cause and materiality requirements of a sentence six remand under 42 U.S.C. § 405(g).[2] 659 F.3d at 1233 (citing to *Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993) (holding that "[t]he Secretary's findings must be reversed if they are tainted by legal error")); *see also Ward v. Colvin*, 2014 WL 4925274, at * 4 (E.D. Cal. September 30, 2014) (remanding under *Taylor* for the ALJ to consider new evidence improperly rejected by the Appeals Council without undertaking a sentence six analysis); *Mancillas v. Colvin*, 2014 WL 2918897, at *4 (N.D. Cal. June 26, 2014) (same). Thus, the Court remands for the ALJ to consider how the evidence from Dr. Truhn could affect each step of the sequential analysis, and any relevant credibility findings.

## B. Evidence from Valeria Mainwald, MSW, LCSW

In April 2011, Powell went to South Lane Mental Health seeking treatment for her mental health issues. AR 510-16. Valeria Mainwald, MSW, LCSW, was her treating therapist. AR 660. Powell had a number of treatment sessions with Ms. Mainwald before her last insured date. AR 506-09. On April 1, 2013, Ms. Mainwald wrote a letter regarding her observations of Powell. AR 660-61. Ms. Mainwald indicated that Powell would have difficulty holding a regular job because she would likely have issues with attendance, anxiety, flashbacks and fear. AR 661.

Powell argues that the ALJ erred by ignoring all evidence from Ms. Mainwald. The Commissioner responds that although the ALJ did not mention Ms. Mainwald by name, the ALJ cited to evidence from Ms. Mainwald. Additionally, argues the Commissioner, if an error was made, it did not constitute a reversible error.

---

[2] Even if Powell must show good cause, the Court finds that Powell has done so. Powell has limited financial means, had requested that the ALJ supplement the record with a comprehensive psychological evaluation, and was not aware how important such an evaluation would be until after seeing the ALJ's opinion and the ALJ's failure to credit the mental health evidence of Powell's treating licensed clinical social worker.

Under the applicable regulations, only licensed physicians and certain other qualified specialists are considered "[a]cceptable medical sources." 20 C.F.R. § 404.1513(a); *see also* Social Security Ruling ("SSR") 06–03p, *available at* 2006 WL 2329939 (Aug. 9, 2006) (defining "acceptable medical sources" as licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech pathologists). Other health care providers who are not "acceptable medical sources," such as "nurse practitioners, physician assistants, licensed clinical social workers, naturopaths, chiropractors, audiologists, and therapists," are still considered "medical sources" under the regulations, and the ALJ can use these other medical source opinions in determining the "severity of the individual's impairment(s) and how it affects the individual's ability to function." 20 C.F.R. § 404.1513(d). Because Ms. Mainwald is a licensed clinical social worker, she is considered an "other" medical source.

To reject the competent testimony of "other" medical sources like Ms. Mainwald, the ALJ need only give "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (quoting *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010)). In rejecting such testimony, the ALJ need not cite the specific record so long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). The ALJ also may "'draw inferences logically flowing from the evidence.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Ms. Mainwald's statements regarding Powell's symptoms and how her impairments affect her ability to work constitute competent, probative evidence from an "other" medical

source.³ The ALJ gave no reasons, germane or otherwise, for rejecting evidence from Ms. Mainwald. The Commissioner points to a section of the ALJ's decision that cited to medical records from Ms. Mainwald's treatment of Powell as proof that the ALJ addressed Ms. Mainwald's evidence. In *Molina,* the Ninth Circuit held that although such statements may show that the ALJ considered the lay witness evidence in the record, they do not provide germane reasons for discounting lay witness evidence. 674 F.3d at 1114-15. *Molina* further states that although "[t]he ALJ gave reasons for rejecting Molina's testimony . . . that were equally relevant to the similar testimony of the lay witnesses, and would support a finding that the lay witness testimony was not credible . . . lay witness testimony '*cannot* be disregarded without comment." *Id.* at 1115 (emphasis in original) (quoting *Nguyen*, 100 F.3d at 1467).

Here, the ALJ erred in failing to explain her reasons for disregarding Ms. Mainwald's testimony. The court in *Molina* went on to hold that the error was harmless, 674 F.3d at 1115. Because the Court has concluded that it must remand the case for consideration of the new evidence from Dr. Truhn concerning Powell's mental limitations, the Court does not further consider whether the ALJ's error in silently disregarding Ms. Mainwald's testimony was harmless. Upon remand, the ALJ shall address Ms. Mainwald's testimony.

## C. Diabetic Neuropathy

Powell argues that the ALJ erred by failing to find peripheral neuropathy to be a severe impairment at step two and failing to include it in the RFC analysis and VE hypothetical. In

---

³ Powell does not argue that Ms. Mainwald is an acceptable medical source. *See* 20 C.F.R. § 404.1513(a). Nor does Powell contend that Ms. Mainwald became an acceptable medical source by "working closely with, and under the supervision" of another person who constituted an acceptable medical source. *Taylor*, 659 F.3d at 1234.

determining that Powell's peripheral neuropathy was not severe, the ALJ considered evidence from Michele O'Connor, FNP, and Dr. Thea Petersen, M.D.

Ms. O'Connor's testimony is relevant as an "other" medical source under 20 C.F.R. § 404.1513(d)(1), and such testimony may be discounted if the ALJ provides "reasons that are germane to each witness." *Molina*, 674 F.3d at 1111. The ALJ noted Ms. O'Connor's diagnosis of diabetic neuropathy, but also noted that tests performed by Ms. O'Connor showed no objective evidence of the neuropathy. AR 22. In citing to the medical test results, which contradicted Ms. O'Connor's diagnosis, the ALJ provided a germane reason to discount Ms. O'Connor's diagnosis.

Dr. Petersen's evidence is relevant as a treating physician under 20 C.F.R. § 404.1527. As the ALJ noted, however, Dr. Petersen did not diagnose neuropathy before the date last insured. AR 23. Neuropathy first appears in Dr. Petersen's notes one and one-half years after the last insured date, and Dr. Petersen provides no indication regarding the date of onset of the diagnosed neuropathy. The ALJ permissibly concluded that Dr. Petersen's records do not provide any evidence that Powell suffered from peripheral neuropathy before the last insured date.

The ALJ's conclusion that Powell did not have a severe impairment resulting from peripheral diabetic neuropathy is supported by substantial evidence in the record and is not in error. Even if the ALJ had erred in failing to find a severe impairment as a result of diabetic neuropathy, the error would have been harmless because the ALJ included Powell's symptoms of pain, including peripheral pain, in formulating the RFC and hypothetical to the VE. AR 23.

**D. Mental Limitations**

Powell argues that the RFC fails to address the limitations reasonably due to her mental health issues. Powell asserts that her mental health issues impair her ability to function in a

PAGE 14 – OPINION AND ORDER

workplace. According to Powell, because the ALJ failed to account for all of Powell's limitations, the hypothetical relied on by the VE at step five was faulty. Because the Court has found that this case must be remanded to consider the new evidence from Dr. Truhn, the RFC determination may need to be reconsidered in light of that new evidence.

**E. Remand**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision. *Id.* at 1100. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court. *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014). It has been described by the United States Court of Appeals for the Ninth Circuit as follows:

> [The Ninth Circuit has] devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the

> improperly discredited evidence were credited as true, the ALJ
> would be required to find the claimant disabled on remand.

*Id.* at 1020.

A remand for an immediate award of benefits is not warranted in this case. The record has not been fully developed. Powell has submitted new evidence that the ALJ has not yet had a chance to evaluate. A remand to the agency for further proceedings to fully develop the record is the appropriate remedy.

## CONCLUSION

The Commissioner's decision that Powell is not disabled is REVERSED and REMANDED for further proceedings consistent with this Opinion.

**IT IS SO ORDERED**.

DATED this 22nd day of February, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge